THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAPRICE JOHNSON,<br><br>                Plaintiff,<br>    v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation,<br><br>                Defendant. | CASE NO. C20-5208-JCC<br><br>ORDER |

       This matter comes before the Court on Defendant State Farm Automobile Insurance Company's ("State Farm") motions to compel Plaintiff Caprice Johnson to submit to a Federal Rule of Civil Procedure 35 medical examination (Dkt. No. 16) and for an extension of the deadline for expert disclosures (Dkt. No. 17). Having thoroughly considered the motions and the relevant record, the Court hereby GRANTS the motions for the reasons explained herein.

**I.    BACKGROUND**

       This lawsuit stems from Plaintiff Caprice Johnson's involvement in a car accident on Interstate 5 in Thurston County in January 2017. (*See* Dkt. No. 1-3.) Ms. Johnson alleges that she sustained serious physical injuries in the accident and made a claim for underinsured/uninsured motorist benefits under her State Farm insurance policy. (*Id.* at 2–3.) She alleges that State Farm is liable for breach of contract, bad faith, violations of the Washington Insurance Fair Conduct

Act, and violations of the Washington Consumer Protection Act based on its claims-handling. (*Id.* at 9–16.) According to Ms. Johnson's initial disclosures, she has incurred almost $300,000 in medical expenses, of which over $200,000 are from Pain and Spine Treatment Center in Arizona, where she has relocated from Thurston County. (Dkt. No. 16-3.)

In January, the Court granted the parties' stipulated motion to extend the deadline for the disclosure of expert testimony from January 13, 2021 to March 1, 2021 because of delays in arranging a Rule 35 examination of Ms. Johnson, Ms. Johnson's claims-handling expert requiring additional time to complete his report, and Ms. Johnson's counsel's recent injury affecting his ability to work. (Dkt. Nos. 14, 15.)

State Farm now asks the Court for an order scheduling Ms. Johnson's Rule 35 examination and extending the deadline for the disclosure of expert testimony to April 16, 2021. (Dkt. Nos. 16, 17, 18.) State Farm has retained an Arizona-based pain management specialist, Tutankhamen Pappoe, M.D., to conduct the examination. (Dkt. No. 16 at 4.) According to State Farm, the parties have been corresponding about the examination and made progress on the terms of a stipulation but have been unable to schedule a date or resolve two issues: (1) whether Ms. Johnson may make a video recording of the examination with a personal recording device or whether any video recording must be done by a professional third party videographer and (2) whether Dr. Pappoe must call counsel if a dispute arises during the examination or may call the examination service. (*Id.* at 5.)

State Farm now asks the Court to order that Ms. Johnson submit to the Rule 35 examination with Dr. Pappoe on March 25, 2021; any video recording of the examination must be done a professional third party videographer; and if any problems arise during the examination, Dr. Pappoe must notify the examination service but is not required call the parties' lawyers. (Dkt. Nos. 16, 18.) State Farm also asks the Court to extend the deadline for expert disclosures to April 16, 2021 because State Farm may retain an expert to opine on the reasonableness of Plaintiff's medical bills, but such an expert will need Dr. Pappoe's report to do

1  so. (Dkt. No. 17.) Ms. Johnson has not filed an opposition to either motion, which the Court

2  construes as an admission that the motions have merit. *See* W.D. Wash. Local Civ. R. 7(b)(2).

3  **II.    DISCUSSION**

4        Under Federal Rule of Civil Procedure 35(a)(1), the Court "may order a party whose

5  mental or physical condition . . . is in controversy to submit to a physical or mental examination

6  by a suitably licensed or certified examiner." Such an order "may be made only on motion for

7  good cause and on notice to all parties and the person to be examined; and . . . must specify the

8  time, place, manner, conditions, and scope of the examination, as well as the person or persons

9  who will perform it." Fed. R. Civ. P. 35(a)(2). Therefore, by the express terms of Rule 35(a), a

10 party's physical condition must be "in controversy" and the movant must demonstrate "good

11 cause" for the examination. *Schlagenhauf v. Holder*, 379 U.S. 104, 117 (1964); *Turner v.*

12 *Imperial Stores*, 161 F.R.D. 89, 92 (S.D. Cal. 1995).

13       Courts may permit a recording device or a third person at a Rule 35 examination. *See,*

14 *e.g.*, *Flack v. Nutribullet, L.L.C.*, 333 F.R.D. 508, 518 (C.D. Cal. 2019). "Courts are often

15 reluctant to permit a third party or recording device out of concern that the intrusion would '(1)

16 potentially invalidate the examination results; (2) fail to provide a level playing field, as plaintiff

17 was not required to tape record his examinations with his own health care providers; and (3)

18 inject a greater degree of the adversary process into an evaluation that is to be neutral.'" *Id.*

19 (quoting *Galieti v. State Farm Mut. Auto. Ins. Co.*, 154 F.R.D. 262, 264–65 (D. Colo. 1994). But

20 courts have also acknowledged reasons why in some cases the presence of a third party or

21 recording device may be warranted, including "(1) fear that the examiner, as a person retained by

22 an opponent, will improperly conduct the examination to obtain admissions or other damaging

23 concessions from the examinee; (2) fear that the examiner will utilize improper[] . . .

24 examination techniques; and (3) a need for emotional support or comfort." *Id.* (quoting

25 *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 630 (D. Kan. 1999).

26       Defendant has demonstrated both that Ms. Johnson's physical condition is in controversy

and that good cause exists for a Rule 35(a) examination. A party places her physical condition "clearly in controversy" when she "assert[s] [her] . . . physical condition either in support of or in defense of a claim." *Schlagenhauf*, 379 U.S. at 119. Similarly, "[a]sserting a mental or physical injury in support of a claim 'provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.'" *Spaulding v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 11117848, slip op. at 2 (E.D. Wash. 2015) (quoting *Schlagenhauf*, 379 U.S. at 119). Ms. Johnson's asserted physical injuries are the basis for her claim under the State Farm insurance policy, and her physical condition appears central to this dispute. Also, Ms. Johnson's discussions with defense counsel about a Rule 35 stipulation may reflect her concession that her physical condition is at issue. Accordingly, the Court finds a Rule 35(a) examination is warranted.

Defendant does not object to the Rule 35(a) exam being video recorded if Ms. Johnson so desires but asks that the Court require any video recording to be done by a third-party professional videographer at Ms. Johnson's expense. Defendant also asks that if there is a dispute at the examination, Dr. Pappoe be required to notify the examination service but not the parties' lawyers. The Court finds these requests reasonable. The Court also finds good cause for extending the deadline for the parties' disclosure of expert testimony to April 16, 2021.

As stated above, an order directing a Rule 35(a) examination must be specific as to time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. Because this order only partially satisfies the requirements of Rule 35(a)(2)(B), the Court DIRECTS the parties to confer and submit a stipulation containing the necessary specifications required by Rule 35(a)(2)(B) within seven (7) days of the date of this order.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS State Farm's motions (Dkt. Nos. 16, 17) and ORDERS:

1. The parties' deadline to disclose expert testimony under Federal Rule of Civil

Procedure 26(a)(2) is extended to April 16, 2021;

2. Ms. Johnson must submit to a Rule 35 examination by Dr. Pappoe in Arizona on March 25, 2021;

3. If the examination is video recorded, it must be done by a professional third-party videographer using professional equipment. The examination shall not be recorded on a cell phone, tablet, or similar personal device. Ms. Johnson shall pay all costs of video recording;

4. If any problems arise during the examination, Dr. Pappoe will notify the examination service but is not required to call the parties' lawyers; and

5. The parties must confer and submit a stipulation containing the necessary specifications required by Rule 35(a)(2)(B) within seven (7) days of the date of this order.

DATED this 10th day of March 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE