THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAPRICE JOHNSON,<br><br>                Plaintiff,<br><br>   v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation,<br><br>                Defendant. | CASE NO. C20-5208-JCC<br><br>ORDER |

      This matter comes before the Court on Defendant State Farm's motion to quash portions of Plaintiff Caprice Johnson's subpoenas (Dkt. No. 23). Having thoroughly considered the motion and the relevant record, the Court hereby GRANTS the motion as explained below.

      Ms. Johnson filed this lawsuit against her insurer, State Farm, for breach of contract, bad faith, violations of the Washington Insurance Fair Conduct Act, and violations of the Washington Consumer Protection Action based on its handling of her claim for underinsured motorist/uninsured motorist ("UIM/UM") benefits. (*See* Dkt. No. 1-3.) On February 23, 2021, Ms. Johnson served State Farm with subpoenas duces tecum to Mitchell Hartman, a team manager, and Andrew Voss, a claim specialist who were both assigned to Ms. Johnson's UIM/UM claim. (Dkt. Nos. 23-2, 23-3.) The subpoenas were also directed at State Farm. (*Id.*) On March 9, 2021, State Farm objected to the subpoenas. (Dkt. No. 23-4.) State Farm now

moves to quash portions of the subpoenas. (Dkt. No. 23.)

Specifically, State Farm argues the subpoenas should be quashed to the extent they seek documents from the claims file of Ms. Wildish, the allegedly underinsured motorist against whom Ms. Johnson has a pending lawsuit in state court, because the production of such documents would subject State Farm to the risk of committing bad faith against Ms. Wildish. (Dkt. No. 23 at 10–11.) State Farm also argues that Ms. Johnson's requests for all course material from State Farm training courses for adjusters and claims people conducted since 2009 and all documents concerning State Farm's cost containment strategies for UIM/UM claims since 2009 are overly broad and unduly burdensome. (*Id.* at 12–13.) Finally, State Farm argues that Ms. Johnson's request for all documents concerning the decision to hire Dr. Pappoe, who conducted the Rule 35 examination of Ms. Johnson, should be quashed because such documents are work product or attorney-client privileged. (*Id.* at 12.)

Federal Rule of Civil Procedure 45 requires the Court to quash or modify requests for privileged or protected matter and requests that are unduly burdensome. *See* Fed. R. Civ. P. 45(d)(3). Ms. Johnson did not file an opposition brief responding to State Farm's arguments. Therefore, the Court concludes that State Farm's arguments have merit. *See* W.D. Wash. Local Civ. R. 7(b)(2). The Court GRANTS the motion to quash (Dkt. No. 23) and ORDERS that the following subpoena requests are quashed:

1. Any requests for documents from the claim file of Marianne Wildish (requested primarily in subpoena request nos. 2 and 4);
2. Subpoena request no. 6 for "all course material provided to attendees of State Farm training courses for adjuster and claims people conducted since 2009";
3. Subpoena request no. 7 for "any document, file, statement, notes, or thing concerning the decision to hire Dr. Tutankhamen Pappoe, M.D."; and
4. Subpoena request no. 8 for "every document, file, statement, notes or thing concerning State Farm's cost containment strategies for UM claims and/or UIM claims since 2009."

ORDER
C20-5208-JCC
PAGE - 2

1   DATED this 16th day of April 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE